UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EVANGELINE SMITH | Case No. 17-4837 |
| VERSUS | CIVIL COMPLAINT FOR DAMAGES |
| WINN-DIXIE MONTGOMERY, LLC | Section______________________ |
| | Judge_______________________ |
| | Magistrate___________________ |

COMES NOW THE PLAINTIFF, EVANGELINE SMITH, a person of the full age of majority, residing in this district and state, to-wit:

1. Made defendant herein is WINN-DIXIE MONTGOMERY, LLC ("WINN-DIXIE"), a foreign limited liability company, authorized to do and actually doing business within this district and state.

2. The amount in controversy, exclusive of legal interest and recoverable costs, is in excess of $75,000. Jurisdiction of the Court is premised upon complete diversity of citizenship between all parties, pursuant to 28 U.S.C. Sec. 1332.

3. The matters complained of herein occurred in the Parish of St. Tammany, within the State of Louisiana, and therefore, within this district of United States District Court. Venue is proper in this district. Please see 28 U.S.C. Sec. 1391.

4. Defendant owns a chain of grocery stores at various locations across the southeastern United States, among them, Louisiana, and in particular, one located on Ponchartrain Drive within the city of Slidell, Louisiana. Defendant or its employees prepared or

procured crabs which were purchased from that WINN-DIXIE grocery store on or about June 3, 2016 by a relative of the plaintiff. The crabs had reportedly been fully prepared, cooked and made ready and fit for human consumption.

5. Shortly thereafter, the plaintiff consumed some of the crabmeat that had been purchased on or about June 3, 2016 from the WINN-DIXIE grocery store. After the plaintiff ate the crab meat, the plaintiff became very ill and was hospitalized. Medical care and its expense resulted from the plaintiff ingesting the unfit, unwholesome, unreasonably dangerous and tainted crab meat. The medical diagnoses included, but were not limited to, bacteremia, aeromonas sepsis, salmonella and a liver abscess.

6. The harm complained of occurred solely through the fault and neglect of the defendant, its employees, agents, servants, representatives and/or other persons and/or entities acting on behalf of or at the request of defendant.

7. At all times pertinent hereto, plaintiff acted prudently, safely and without any comparative fault or neglect.

8. The defendant owed plaintiff the legal duty of providing crabs that were free of injurious substances and conditions.

9. The defendant was legally responsible to but failed to act as a reasonably prudent and skilled purveyor and practitioner of the culinary arts.

10. The defendant was legally responsible for but failed to act with reasonable prudence and skill in the selection and preparation of the aforesaid crabs.

11. The actionable negligence of defendant is in contravention of the laws of the State of Louisiana, including, but not limited to, Louisiana Civil Code Article 2315.

12. The injurious substance, disease or thing associated with the aforesaid crab meat was

not natural to the crab meat and the customer, here, EVANGELINE SMITH, would not reasonably expect to find such a substance, disease or thing in the crab meat food product.

13. EVANGELINE SMITH had a reasonable expectation that the injurious substance, disease or thing would not be found in the aforesaid crab meat.

14. The aforesaid deleterious condition existed in the crab meat product when it was purchased from WINN-DIXIE on or about June 3, 2016.

15. More likely than not, the aforesaid crab meat product caused the injuries of which EVANGELINE SMITH complains herein.

16. Our courts have inferred the deleterious nature of the food consumed from the circumstances surrounding the illness, and such is a reasonable inference herein.

17. No other food consumed by EVANGELINE SMITH might reasonably be assumed to have caused the illness aforesaid.

18. Furthermore, in proving the liability of WINN-DIXIE, EVANGELINE SMITH does not have to establish that other people became ill from eating the tainted crab meat. Please see *McAvin v. Morrison Cafeteria Co. of Louisiana*, 85 So. 2d 63 (La. Orls. App. 1956).

19. Defendant WINN-DIXIE is liable unto your plaintiff, EVANGELINE SMITH, for all sums reasonable under the circumstances and in the premises, in amounts to be shown at the time of trial, for: pain and suffering, loss of enjoyment of life, medical and health care expenses (past and future), all recoverable costs, legal interest and all general and equitable relief.

WHEREFORE, your plaintiff, EVANGELINE SMITH, prays that the defendant,

WINN-DIXIE MONTGOMERY, LLC, be served with a copy of the above and foregoing; that defendant be cited to appear and answer same, and that after all delays and proceedings had, there be judgment rendered herein in favor of the plaintiff and against defendant, for all sums reasonable under the circumstances and in the premises, in amounts to be shown at the time of trial, together with all recoverable costs, legal interest and general and equitable relief.

Respectfully submitted:

Clayton Law Firm, LLC

/s/ Ben E. Clayton

By: Ben E. Clayton, LSBA No. 17512
Attorney for the plaintiff, Evangeline Smith
411 Sabine Street
Bogalusa, Louisiana 70427
(985) 863-3065 voice
(985) 863-7707 facsimile

Service Instructions:

Winn-Dixie Montgomery, LLC
through registered agent,
CSC of St. Tammany Parish, Inc.
Suite 9
4600 LA Hwy. 22
Mandeville, LA 70471